**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:18-cr-35-4 |
| JESSICA RENEE YOUNG, | |
| Defendant. | |

## OPINION & ORDER

Defendant Jessica Renee Young filed a motion seeking early termination of supervised release. ECF No. 218. The government opposes the request because the defendant has not yet completed three years of her five-year supervision term. Because the defendant has been compliant for over two and a half years except for one uncharged instance of alleged drug use, the Court will grant her motion now.

### I.    BACKGROUND

The defendant pleaded guilty to one count of possession with intent to distribute methamphetamine, and the Honorable Robert G. Doumar sentenced her to 74 months of imprisonment and five years of supervised release. ECF Nos. 77, 136. On May 4, 2026, the defendant filed a motion seeking early termination of supervised release. ECF No. 218. The government opposes the motion, but the United States Probation Office does not.

### II.    LEGAL STANDARD

A district court may grant a defendant's request to end supervised release "at any time after the expiration of one year of supervised release," if certain factors

outlined in 18 U.S.C. § 3553(a)[1] support such relief, the defendant's conduct warrants it, and early termination is in "the interest of justice." 18 U.S.C. § 3583(e)(1).

In addition to the statutory requirements under § 3583, the Guide to Judiciary Policy provides criteria a court should consider before ending supervision early. The relevant provision states:

> At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:
>
> (1)    The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
>
> (2)    The person presents no identified risk of harm to the public or victims;
>
> (3)    The person is free from any court-reported violations over a 12-month period;
>
> (4)    The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
>
> (5)    The person is in substantial compliance with all conditions of supervision; and
>
> (6)    The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Guide to Judiciary Policy, Vol. 8, Part E § 360.20(c).

---

[1] The court must consider the factors set forth in 18 U.S.C. § 3553(a)(1), (2)(B)–(D), and (4)–(6). 18 U.S.C. § 3583(e)(1) (citing these subsections).

### III.   ANALYSIS

The defendant's term of supervised release began on October 12, 2023, so her request for early termination satisfies § 3581's timing requirement. *See* 18 U.S.C. § 3583(e)(1). For the reasons explained below, the Court finds that the statutory considerations and the additional factors outlined in the Guide to Judiciary Policy all favor ending the defendant's supervision now.

#### A.   Statutory Considerations

##### i.   *18 U.S.C. § 3553(a) Factors*

The relevant factors under § 3553(a) favor granting the defendant's request. As for the "nature and circumstances of the offense," when police stopped the defendant's vehicle, she immediately consented to a search, confessed to possessing methamphetamine, and fully cooperated with the investigation—including by surrendering a quantity of methamphetamine the next day, in addition to what the police found. 18 U.S.C. § 3553(a)(1); ECF No. 129 ¶¶ 9, 12. While the defendant has a lengthy criminal history, it is clear to the Court that most if not all of her interactions with the legal system have resulted from her use of alcohol and drugs. Her personal background—especially her parents' addictions and her father's illness and death—weigh heavily on the Court's understanding of the defendant's "history and characteristics." 18 U.S.C. § 3553(a)(1); *see* ECF No. 129 ¶¶ 32–46, 53–55.

The defendant's success on supervised release so far demonstrates that her sentence has adequately served to deter further criminal conduct, protect the public, and provide the defendant with support for rehabilitation. *See id.* § 3553(a)(2).

Accordingly, terminating supervised release early would bring the defendant's sentence in line with what is "sufficient, but not greater than necessary," *id.* § 3553(a), and help to avoid an "unwarranted sentence disparit[y]" among individuals convicted of "similar conduct," *id.* § 3553(a)(6).[2]

### ii.    Conduct While on Supervised Release

The defendant's conduct while on supervised release also counsels in favor of early termination. In the over two and a half years during which she has been supervised, the Probation Office has never formally alleged that the defendant violated the conditions of her release. Probation alleges the defendant had one positive drug screen in November 2023, but that does not change the Court's decision here. There is no indication that the defendant's alleged drug use after her release from prison contributed to any other violation, charged or uncharged. Moreover, she last failed a drug test over two years ago, which suggests that the defendant substantially complied with the requirement that she abstain from using controlled substances.

### iii.    Interest of Justice

Given the defendant's success under supervision for over two and a half years, justice favors terminating supervision now so that the defendant can fully return to society and the government can direct its resources elsewhere.

---

[2] The Sentencing Commission has not promulgated a policy statement that applies directly to these circumstances, and the defendant's sentence does not include restitution. ECF No. 136; *see* 18 U.S.C. § 3553(a)(5).

4

The government does not contend that continued supervision is necessary to serve any of the purposes of sentencing. Nevertheless, it opposes the defendant's motion because the defendant has completed two and a half years of supervised release instead of three. The government's recommendation is not based on anything specific the defendant has done or failed to do. And there is nothing about the defendant serving six more months of her sentence that is inherently more just than ending supervised release now. A decision based on defendant's own conduct is more in line with the "interest of justice." 18 U.S.C. § 3583(e)(1).

With that in mind, the Court concludes the final statutory factor also favors granting the defendant's request for early termination.

## B.    Judiciary Policy

Consistent with judiciary policy, the Court presumes that early termination is appropriate because the defendant's conduct on supervised release demonstrates she poses no ongoing risk of harm and is prepared to reenter society without government supervision. *See* Guide to Judiciary Policy, Vol. 8, Part E § 360.20(c).1. Since the government does not rebut that presumption, policy considerations support granting the defendant's motion.

The defendant is not a "career drug offender" or "career criminal." Guide to Judiciary Policy, Vol. 8, Part E § 360.20(c)(1); *see* ECF No. 138 ¶¶ 32–44. Because there is no evidence that she has committed a crime during supervised release beyond simple possession of a controlled substance for personal use, she "presents no identified risk of harm to the public or victims." Guide to Judiciary Policy, Vol. 8, Part

E § 360.20(c)(2). For the reasons described in Part III.A.ii above, the Court finds that the defendant is "in substantial compliance with all conditions of supervision." *Id.* § 360.20(c).1(5).

The defendant has stable employment with Priority Infiniti, where she works in the service express department. She completed mental health treatment in July 2024 and still communicates with her provider for medication monitoring. The defendant is also receiving suboxone treatment and is compliant with counseling attendance. Based on this information, the Court concludes the defendant is able to "lawfully self-manage beyond the period of supervision" and that she "engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond" the end of her sentence. Guide to Judiciary Policy, Vol. 8, Part E § 360.20(c)(4), (6).

Based on all the statutory factors and the unrebutted policy presumption in favor early termination of supervised release in this case, the Court will grant the defendant's motion.

## IV.    CONCLUSION

Defendant Jessica Renee Young's motion for early termination of supervised release (ECF No. 218) is **GRANTED**, and the defendant's supervision shall end as of the date of this Opinion and Order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the defendant, to the United States Attorney's Office, and to the United States Probation Office.

**IT IS SO ORDERED**.

_____ /s/ _____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
May 11, 2026